IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HALI JOHNSON, as Personal Representative of the Estate of Danny Leon Hicks, Deceased, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:23-cv-00111 |
| vs. | ) ) |
| VIGO COUNTY AND THE VIGO COUNTY BOARD OF COMMISSIONERS, JOHN PLASSE, Individually and in his official capacity as Sheriff of Vigo County, CHARLEY FUNK, Individually and in his official capacity as Captain of the Vigo County Jail, and JOHN and JANE DOES 1-10, Individually, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now Plaintiff, Hali Johnson, as Personal Representative of the Estate of Danny Leon Hicks, Deceased, by counsel, and files her Complaint and Demand for Jury Trial against Vigo County and The Vigo County Board of Commissioners, John Plasse, Individually and in his official capacity as Sheriff of Vigo County, Charley Funk, Individually and in his official capacity as Captain of the Vigo County Jail, John and Jane Does 1-10, Individually, and alleges as follows:

**INTRODUCTION**

1. Plaintiff Hali Johnson is the daughter and Personal Representative of the Estate of Danny Leon Hicks, deceased (hereinafter "Plaintiff"). As more specifically set forth below, Danny Leon Hicks, during his incarceration at the Vigo County Jail ("the Jail"), was subjected to Defendants' deliberate indifference to his serious and obvious medical needs and as a consequence, died while in the custody of the Defendants. It is the purpose of this action to recover the actual

damages Danny Hicks' estate has suffered as a result of Defendants' wrongful conduct, as well as punitive damages to punish Defendants' conduct and forever deter its repetition.

## JURISDICTION AND VENUE

2.  Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed to her father by the Eighth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction over this case pursuant to the provisions of 38 U.S.C. §§1331 and 1343. Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367, and Plaintiff therefore also seeks to recover damages under the supplemental jurisdiction of this Court on her state claims of negligence, gross negligence, an alternate survival action, and wrongful death. Vigo County, Indiana is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

## PARTIES

3.  Plaintiff resides in Vigo County, Indiana, and Danny Hicks was a 62-year-old resident of Vigo County, Indiana at the time of his death. Hicks had a long, documented history of severe depression, anxiety, suicide threats and suicidal ideations.

4.  Defendant Vigo County, Indiana is a unit of local government organized under the laws of the State of Indiana. Defendant is a "person" under 42 U.S.C. §1983. The Vigo County Board of Commissioners is sued in its official capacity pursuant to I.C. § 34-13-3-3. (The County and its Board of Commissions are hereafter referred to as "the County"). At all times mentioned herein the County employed, was responsible for the establishment of policies either formally or

by custom and practice for, and was responsible for the employment, training, supervision and conduct of Vigo County Sheriff John Plasse ("the Sheriff").

5. Defendants Vigo County and Sheriff Plasse were at all times mentioned herein, employed, were responsible for the establishment of policies either formally or by custom and practice for, and were responsible for the employment, training, supervision and conduct of Vigo County Jailer Captain Charley Funk. They were at all relevant times state actors.

6. Defendants Plasse, Funk, and John and Jane Does 1-10 (whose names are presently unknown) – hereinafter collectively referred to as "the Doe Defendants" – were at all times mentioned herein officers, employees and/or agents of the Jail responsible for monitoring Danny Hicks during his incarceration and knew of or witnessed Hicks' physical and mental condition, the implements at his disposal, and the premises in which he was incarcerated. They were aware of the prescription medication which was essential for his well-being, they witnessed his deteriorating mental and physical condition during his period of incarceration, and they responded with deliberate indifference or neglect or gross neglect, as described below. They were at all relevant times state actors.

## NATURE OF DEFENDANTS' CONDUCT

7. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the State of Indiana and Vigo County. The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below. The offenses described below resulted from the failure of the Defendants to employ qualified persons for positions of authority over inmates, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate operating

policies and procedures either formally or by custom and practice to protect the constitutional rights of inmates like Danny Hicks, and/or to design, construct or modify the premises of the Jail to properly house and safeguard individuals with Hicks' conditions. The offenses further resulted from the failure of the Defendants to properly and humanely dispense inmates' medications, including Danny Hicks' medication. The offenses further resulted from the failure of the Defendants to properly monitor inmates who were known to be a high risk of suicide, including Danny Hicks. Defendants' conduct was intentional and grossly negligent, indicated active malice toward Mr. Hicks and a total, deliberate and reckless disregard for and indifference to his life and his constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages his estate is entitled to recover.

## FACTS

8. Danny Hicks was arrested on or about March 31, 2022, for charges of intimidation and pointing a firearm, and was taken to the Jail.

9. Suicides in local jails are the leading cause of death for U.S. inmates, according to a recent report by the Bureau of Justice Statistics.[1] This risk is disproportionately high among inmates who are mentally ill. And mentally ill inmates are a demographic that has risen dramatically in recent years[2], representing what many researchers have deemed "a national public health crisis."[3] Hanging is the most common method of jail suicide. In one study, more than 90

---

[1] See www.themarshallproject.org/documents/2191181-mortality-in-local-jails-and-state-prisons. Also see www.bjs.ojp.gov/library/publications/mortality-local-jails-2000-1029-statistical-tables.
[2] E. Fuller Torrey, et al., The Treatment of Persons with Mental Illness in Prisons and Jails: A State Survey (April 8, 2014).
[3] Jacques Baillargeon, *Psychiatric Disorders and Repeat Incarcerations: The Revolving Prison Door*, 166 Am. J. Psychiatry, 103, 103 (2009).

percent of suicides by incarcerated inmates were by hanging.[4] These facts and phenomena are well known to reasonable corrections management, staff and healthcare providers.[5]

10. Here, Defendants maintained and established inadequate practices and failed to train and supervise its employees. As a result, many inmates have become severely ill, and some have died while in custody, including Danny Hicks.

11. Upon information and belief, Danny Hicks was considered a high suicide risk at the time of his incarceration or a short time thereafter, and Hicks, through his criminal defense counsel, had requested a mental health evaluation several days prior to his death, which request was known to the Sheriff, the Jailer, and the Doe Defendants.

12. Upon information and belief, Danny Hicks exhibited clear symptoms of mental illness, prescription drug withdrawal and suicidal ideations throughout his incarceration at the Jail, which conditions were known to the Sheriff, the Jailer, and the Doe Defendants.

13. Despite being considered a high suicide risk, Danny Hicks was housed in a cell with equipment, bedding, bed linens and other supplies from which a suicidal inmate could hang himself, which conditions were known to the Sheriff, the Jailer, and the Doe Defendants. No efforts were made to house Hicks in a manner that would protect him from harming himself.

14. By information and belief, Defendants had in place a jail policy to conduct frequent checks of inmates who were considered a high suicide risk. Despite being considered a high suicide risk, Danny Hicks was not properly checked or monitored for the purpose of preventing his suicide, which failure was known to the Sheriff, the Jailer, and the Doe Defendants.

---

[4] P. Marcus and P. Alcabes, *Characteristics of Suicides by Inmates in an Urban Jail,* U.S. H.H.S. PubMed, www.pubmed.ncbi.nlm.nih.gov/8444437/.
[5] World Health Organization, Preventing Suicide in Jails and Prisons (2007); Anasseril E. Daniel, *Care of the Mentally Ill in Prisons*, 35 J. Am. Acad. Psychiatry Law 406 (2007).

15. Upon information and belief, at all relevant times County had in place a procedure, policy or practice of refusing to dispense to the Jail inmates their prescriptions for benzodiazepines, including the Clonazepam that Danny Hicks had long been prescribed, which procedure, policy or practice was known to all the Defendants.

16. Upon information and belief, at all relevant times the County had in place a procedure, policy or practice of refusing to properly and safely taper or wean the Jail inmates off their prescription benzodiazepines, no matter how long the benzodiazepines had been prescribed, despite their knowledge that such a procedure, policy or practice resulted in forcing inmates including Danny Hicks, into "cold turkey" withdrawal, and placing Hicks and other inmates at a greatly enhanced risk of physical and mental pain and suffering, and a greatly increased risk of harm to self and others, which procedure, policy or practice was known to all the Defendants.

17. Despite being considered a high suicide risk, and despite having a long-term prescription for Clonazepam, a benzodiazepine -- a medication critical to managing Danny Hicks' long-term severe depression and anxiety -- the Sheriff, the Jailer, and/or the Doe Defendants failed or refused to dispense this medication to Hicks, or to safely and properly taper Hicks off the Clonazepam, thereby significantly increasing his risk of harm to himself.

18. On the morning of April 10, 2022, upon information and belief, approximately one hour after a previous check -- and having no access to his prescription Clonazepam for approximately ten days -- a medical employee or agent at the Jail believed to be a nurse checked on Danny Hicks and discovered him hanging from a bedsheet and unresponsive. CPR was unsuccessful, and he was pronounced dead a short time later. Hicks' cause of death was determined at autopsy to be death by strangulation, and the manner of death was suicide.

19. Defendants violated numerous common jail standards of practice in general, and/or Indiana and County regulations and written policies of the Jail in particular, intended to protect someone in Danny Hicks' condition.

## COUNT I – 42 U.S.C. §1983

20. Paragraphs 1-19 above are incorporated herein by reference and made this Paragraph 20.

21. The Defendants have, under color of law, deprived Plaintiff's father, Danny Hicks, of clearly established rights, privileges and immunities secured by the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution, including but not limited to, the right to be protected, the right to be provided adequate medical and mental health care for serious medical needs, and the right to be free from deprivations of liberty and needed care that are unreasonable and shock the conscience. The conduct of all the Defendants was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to Danny Hicks' life as well as his rights and the risk of harm to him occasioned by such conduct.

22. Plaintiff believes and, after reasonable discovery, will show that Danny Hicks' treatment by Defendants was the result of customs and practices of Defendants that were contrary to or expressly violated common standards of practice in jails, Indiana regulations, and written policies of the Jail, and that such customs and practices were the "moving force" behind Hicks' death. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and constitutional and common law rights of inmates at the Jail, including Danny Hicks, and the

wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

### PRAYER FOR RELIEF

23. WHEREFORE, Plaintiff Hali Johnson, as Personal Representative of the Estate of Danny Leon Hicks, Deceased, by counsel, respectfully prays that this Court enter judgment in her favor and against the Defendants in an amount that will fully and reasonably compensate the Estate of Danny Hicks for the damages suffered by Danny Hicks as set forth above, awarding Plaintiff: 1) all compensatory damages; 2) punitive damages; 3) reasonable attorney fees pursuant to 42 U.S.C. §1988; 4) the costs of this action; 5) interest as allowed by law; and 6) all other just and proper relief in law or equity.

### COUNT II – NEGLIGENCE

24. Paragraphs 1-23 above are incorporated herein by reference and made this paragraph 24.

25. The Defendants owed Danny Hicks a duty of care.

26. The Defendants breached that duty of care by their acts of carelessness and negligence as set forth above.

27. By virtue of the foregoing, all Defendants were negligent and grossly negligent, which negligence proximately caused the injuries and death to Danny Hicks.

### PRAYER FOR RELIEF

28. WHEREFORE, Plaintiff Hali Johnson, as Personal Representative of the Estate of Danny Leon Hicks, Deceased, by counsel, respectfully prays that this Court enter judgment in her favor and against Defendants in an amount that will fully and reasonably compensate the Estate of Danny Hicks for damages suffered by Hicks as set forth above, and award Plaintiff 1)

compensatory damages; 2) funeral and burial costs; 3) lost earnings; 4) pain and suffering; 5) interest as allowed by law; and 6) all other relief just and proper in law or equity.

### COUNT III – WRONGFUL DEATH

29. Paragraphs 1-28 above are incorporated herein by reference and made this Paragraph 29.

30. The Defendants owed Danny Hicks a duty of care.

31. The Defendants breached that duty of care by their acts of carelessness and negligence as set forth above.

32. As a result of the Defendants' negligence, Danny Hicks suffered a fatal bodily injury under Indiana common law and a wrongful death under I.C. §34-23-1-2, for which his estate is entitled to recover damages against governmental entities pursuant to I.C. §34-13-3-3. All Defendants' wrongful conduct proximately caused Danny Hicks' death.

### PRAYER FOR RELIEF

33. WHEREFORE, Plaintiff Hali Johnson, as Personal Representative of the Estate of Danny Leon Hicks, Deceased, by counsel, respectfully prays that this Court enter judgment in her favor and against the Defendants in an amount that will fully and reasonably compensate the Estate of Danny Hicks for the damages suffered by Danny Hicks as set forth above, awarding Plaintiff: 1) funeral and burial expenses; 2) lost earnings; 3) costs of administering the Estate; 4) reasonable attorney fees pursuant to I.C. §34-23-1-1; 5) interest as allowed by law; and 6) all other relief just and proper in law or equity.

### COUNT IV – ALTERNATE SURVIVAL ACTION

34. Paragraphs 1-33 above are incorporated herein by reference and made this paragraph 34.

35. The Defendants owed Danny Hicks a duty of care.

36. The Defendants breached that duty of care by their acts of carelessness and negligence as set forth above.

37. The acts and/or omissions of the Defendants caused Danny Hicks' losses and damages.

38. As a result of the Defendants' carelessness and negligence, Danny Hicks sustained injuries resulting in pain, suffering, and death. From the date of his incarceration until the date of his death, Danny Hicks' mental and physical injuries impaired the quality and enjoyment of his life.

39. The injuries and damages to Danny Hicks were a direct and proximate result of the careless and negligence of the Defendants.

## PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff Hali Johnson, as Personal Representative of the Estate of Danny Leon Hicks, Deceased, prays that this Court enter judgment in her favor and against the Defendants in an amount that will fully and reasonably compensate the Estate for the following damages: 1) Danny Hicks' pain and suffering; 2) Danny Hicks' lost earnings; 3) interest as allowed by law; 3) all other just and proper relief to which Danny Hicks would have been entitled had he survived his injuries, in law or in equity.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

Respectfully submitted,

COHEN & MALAD, LLP


*/s/Gregory L. Laker*
Gregory L. Laker, Atty No. 10322-49
Andrea R. Simmons, Atty No. 11622-49

*Counsel for Plaintiff, Hali Johnson, as Personal Representative of the Estate of Danny Leon Hicks, Deceased*


**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: 317-636-6481
Facsimile: 317-636-2593
glaker@cohenandmalad.com
asimmons@cohenandmalad.com